**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

---

LOUANNE[1] G. MELVIN, Individually and
as Executor of the Estate of Alan R.
Melvin,

                          Plaintiff,        DECISION and ORDER

           -vs-                         98-CV-6347CJS(F)

UA LOCAL 13 PENSION PLAN, *et al.*,

                          Defendants.

---

**APPEARANCES**

For plaintiff:                        Michael A. Rosenhouse, Esq.
                                      36 Windmill Road
                                      Pittsford, New York  14534

For Defendants:                John M. McIntire, Esq.
                                      O'Donoghue & O'Donoghue
                                      4748 WIsconsin Ave. NW
                                      Washington, DC  20016

**Siragusa, J.** This case is back before the Court on an Order from the U.S. Court of Appeals for the Second Circuit entered on September 30, 2005, remanding the case "for further proceedings to consider plaintiff's outstanding motion." Order, *Melvin v. U.A. Local 13*, No. 04-0690cv (Sep. 30, 2005). For the reasons stated below, as to equitable relief, the Court denies plaintiff's motions to deem the amended complaint amended, to enter final judgment pursuant to Federal Rule of Civil Procedure 54, and to grant leave to file a second amended complaint.

---

[1] Ms. Melvin was aligned as plaintiff by a Stipulation and Order entered by the Honorable Jonathan W. Feldman, U.S. Magistrate Judge, on July 1, 2002 (# 99).

## BACKGROUND

On March 7, 2002, this Court granted partial summary judgment to plaintiff in *Melvin v. U.A. Local 13 Pension Plan*, 204 F. Supp. 2d 564 (W.D.N.Y. 2002) ("*Melvin I*"). In *Melvin I*, the Court found that the U.A. Local 13 Pension Plan's ("the Plan") "freeze" provision violated the Employee Retirement Security Act's ("ERISA's") prohibition against "backloading." Plaintiff Alan Melvin died before judgment was entered. By Order of this Court entered on July 1, 2002, his former wife, Louanne G. Melvin, was substituted as plaintiff, both individually and as executor of his estate. Subsequently, on April 16, 2003, she moved to enter final judgment by dismissing the claims on which her former husband had not been granted summary judgment. However, before entry of a final and appealable judgment, the Court of Appeals decided *Langman v. Laub*, 328 F.3d 68 (2d Cir. 2003), *cert. denied*, 540 U.S. 1107 (2004). In light of *Langman*, this Court reconsidered its prior grant of partial summary judgment to plaintiff, and reversed the same, granting partial summary judgment to defendants, and, pursuant to plaintiff's request, dismissing the remaining claims. *Melvin v. U.A. Local 13 Pension Plan*, No. 98-CV-6347, 2003 WL 22384789, 2003 U.S. Dist. LEXIS 18523 (W.D.N.Y. Sep. 26, 2003) ("*Melvin II*").

On appeal, the Second Circuit affirmed the Court's grant of partial summary judgment to defendants based on *Langman*, but remanded for clarification with regard to the Court's finding that plaintiff's claim for equitable relief was moot. *Melvin v. U.A. Local 13 Pension Plan*, No. 04-0690, 131 Fed. Appx. 737, 2005 U.S. App. LEXIS 3118 (2d Cir. Feb. 22, 2005). Specifically the circuit court stated:

> III. Equitable Relief
>
> Melvin also argues that he is entitled to (1) disgorgement of profits for the years during which Melvin was unwilling to sign the Plan's benefits form and (2) nullification of the Plan's determination that Melvin had not applied for benefits until 2000 because he was unwilling to sign the form. The Plan argues that Melvin's claim was not properly asserted below, and that therefore we should not consider it. However, in his motion for final judgment, Melvin asked that the district court award equitable relief in the form of disgorgement of income and pre-judgment interest. In his earlier motion for summary judgment in Melvin I, Melvin also asked for "interest or other appropriate relief on account of delay by the Plan in paying plaintiff the amount of his benefit which has never been subject to dispute" and at the same time asked that his complaint "be deemed amended to conform with" the claims he asserted. Although Melvin did not formally amend his complaint, the district court in Melvin II, in granting the Plan's motion for summary judgment, appears to have considered Melvin's claim for relief but dismissed it as moot in light of its other conclusions. *Melvin II*, 2003 WL 22384789, at *9, 2003 U.S. Dist. LEXIS 18523, at *26.
>
> We are unclear as to why entering summary judgment on the validity and application of the "freeze" provision renders Melvin's claim for equitable relief moot and remand this limited question to the district court for further clarification as to its disposition of Melvin's claim, while retaining jurisdiction. See *United States v. Jacobson*, 15 F.3d 19, 22 (2d Cir. 1994).
>
> Conclusion
>
> For the foregoing reasons, the district court's judgment with respect to the Plan's interpretation and application of the "freeze" provision, and its permissibility under ERISA, is hereby AFFIRMED, and the district court's determination that Melvin's claim for equitable relief is moot is REMANDED. On remand, the district court should clarify its disposition of Melvin's request for equitable relief.

*Melvin v. U.A. Local 13*, No. 04-6090, slip. opn. at 4-5 (2d Cir. Feb. 22, 2005).

In response and following oral argument on April 21, 2005, this Court petitioned the Second Circuit to "to remand the case for further proceedings on plaintiff's outstanding motion to amend to add a claim for equitable relief." Memorandum and Order, *Melvin v. U.A. Local 13 Pension Plan*, No. 98-CV-6347 (W.D.N.Y. Aug. 5, 2005). On September 30,

3

2005, the Court of Appeals remanded the case "for further proceedings to consider plaintiff's outstanding motion." Order, *Melvin v. U.A. Local 13*, No. 04-0690cv (2d Cir. Sep. 30, 2005). Therefore, the Court now considers plaintiff's request for "interest or other appropriate relief on account of delay by the Plan in paying plaintiff the amount of his benefit which has never been subject to dispute."

**ANALYSIS**

Although plaintiff's papers and arguments are confusing, she appears to suggest two distinct theories in support of her contention that, on the current state of the record, she is entitled to judgment as a matter of law on her equitable claims. First she maintains that her amended complaint should be deemed amended to include the equitable "claims" raised in her motion papers, thereby entitling her to judgment as a matter of law. Second, she asserts that even without amendment, the Court should grant her judgment as to the equitable relief she seeks, pursuant to Federal Rule of Civil Procedure 54, based on the allegations and arguments in the papers supporting the original motion for summary judgment. As an alternative to her contention that on the current state of the record she is entitled to judgment, she seeks leave to formally amend her amended complaint to specifically add her equitable claims relating to disgorgement.

As a preliminary matter, the parties agreed at oral argument on March 23, 2006, that the Court should review plaintiff's pending request for equitable relief as of March 5, 2001.

The Court first turns its attention to plaintiff's application to deem the amended complaint amended. In that regard, plaintiff states:

> The claim for disgorgement is based on the same facts on which plaintiff based his initial claim in the Amended Complaint for relief retroactive to March 1, 1998, when he specifically alleged he intended to apply for a

4

> pension. The facts that entitled plaintiff to retroactive relief are the same facts entitling him and his successors to disgorgement: the Plan was wrong to require him to sign a form that he could not sign without prejudicing his legal position. Although the legal theory underlying this claim and the appropriate measure of relief were developed more fully later, that is absolutely irrelevant under the Federal Rules with respect to plaintiff's entitlement to relief.

(Pl.'s Mem. of Law (# 153) at 9 (footnote omitted).) Essentially then, plaintiff appears to argue that defendants were on notice of her equitable claims relating to her former husband's delay in applying for pension benefits. Defendants counter that they were not on notice and that plaintiff's motion to deem the complaint amended amounts to an allegation made "outside the pleadings…." (Def.s' Mem. of Law at 15.) The Court agrees with defendants. In his amended complaint, filed on January 26, 1999 (# 6), Mr. Melvin alleged that

> [i]n or about January 1998, plaintiff, using an unsigned Application for Pension form, informally requested that the Plan estimate the amount of his monthly retirement benefit based on his 25.1319 years of service, for a retirement effective March 1, 1998. A copy of plaintiff's unsigned Application for Pension form is attached hereto as Exhibit A and incorporated herein by reference.

(Am. Compl. ¶ 17.) In his supplemental complaint (# 40) filed on May 5, 2000, Mr. Melvin alleged that,

> [o]n or about January 31, 2000, with the cooperation of Louann G. Melvin, and without prejudice to any of the allegations in the Amended Complaint, plaintiff submitted to the defendant U.A. Local 13 Pension Plan a new application for benefits incorporating the terms of the QDRO. Commencing in March, 2000, plaintiff and Louann G. Melvin began receiving retirement benefits from the Plan. The amount of said benefits as calculated by the defendant Plan and the defendant trustees took into account the supposed break in service described in plaintiff's Amended Complaint. Plaintiff continues to contend that taking into account the supposed break in service is wrongful for the reasons set forth in the Amended Complaint.

(Suppl. Compl. (# 40) ¶ 5.) The Court finds that neither plaintiff's amended complaint, nor supplemental complaint, gave defendant "adequate notice of the grounds for relief," *Wade v. Johnson Controls, Inc.*, 693 F.2d 19, 22 (2d Cir. 1982), to place defendants on notice that, but for the language in their pension benefit application form, requiring him to agree to their method of calculation, which he disputed, Mr. Melvin would have retired effective March 1, 1998 and was accordingly seeking equitable relief for his resulting delay in applying for retirement benefits.

The Court now turns its attention to plaintiff's theory that, pursuant to Federal Rule of Civil Procedure 54, she is entitled to judgment. In the amended complaint, the only claim relating to fiduciary duty under which a theory of disgorgement could have fit was the seventh cause of action, which plaintiff moved to dismiss. Plaintiff suggests, however, that since the information pertaining to her equitable claim of disgorgement was in the memorandum of law supporting plaintiff's motion for summary judgment and in the attorney's affirmation filed on March 5, 2001, all part of his summary judgment motion, the Court can grant her the relief she seeks based upon those papers. (Pl.'s Reply Mem. of Law at 6.) Plaintiff argues that under Federal Rule of Civil Procedure 54, the "final judgment shall grant the relief to which the party in whose favor it is rendered is entitled, even if the party has not demanded such relief in the party's pleadings." (*Id*.) The Court disagrees with Plaintiff's position and find that her reliance on Rule 54 is misplaced.

The 1937 adoption of the Federal Rules of Civil Procedure merged equity and legal actions into one form of action called a "civil action." Fed. R. Civ. P. 2 (1937); *see Ross v. Bernhard*, 396 U.S. 531, 539-40 (1970). "A civil action is commenced by filing a complaint

with the court." Fed. R. Civ. P. 3. Federal Rule of Civil Procedure 7 specifies the types of pleadings allowed in federal civil practice. It states, in pertinent part:

> (a) Pleadings. There shall be a complaint and an answer; a reply to a counterclaim denominated as such; an answer to a cross-claim, if the answer contains a cross-claim; a third-party complaint, if a person who was not an original party is summoned under the provisions of Rule 14; and a third-party answer, if a third-party complaint is served. No other pleading shall be allowed, except that the court may order a reply to an answer or a third-party answer.

Fed. R. Civ. P. 7(a). "No other paper will be considered a pleading except those specifically named in Rule 7(a). A motion in any form cannot stand as a pleading. Briefs and legal memoranda, special reports required to be filed before interposing an answer, an application to proceed in forma pauperis, and ancillary papers are not pleadings." 2-7 MOORE'S FEDERAL PRACTICE - Civil § 7.02 7(a) (2006) (footnotes omitted). The general rules of pleading specify that,

> A pleading which sets forth a claim for relief, whether an original claim, counterclaim, cross-claim, or third-party claim, shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, unless the court already has jurisdiction and the claim needs no new grounds of jurisdiction to support it, (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks. Relief in the alternative or of several different types may be demanded.

Fed. R. Civ. P. 8(a).

At oral argument on March 23, 2006, plaintiff's counsel stated,

> You have Rule 54. The court is supposed to give the parties whatever relief the papers show that they are entitled to that is under Rule 54 now both of these were motion one was a motion for summary judgment and the other one was a motion for final judgment. We're not supposed to be arguing about footnotes and a sentence in a letter and whether something was in a footnote in a brief or in prayer for relief in a motion when we're talking about real claims and real people, that is in my view and under my brief not what the federal rules are all about. The court is obligated under Rule 54

7

> regardless of the state of the pleadings to afford parties the relief that they are entitled to when the court enters final judgment.

(Real Time Transcript at 25-26.) Plaintiff also cites to *Newburger, Loeb & Co. v. Gross*, 611 F.2d 423 (2d Cir. 1979) in which the Second Circuit stated,

> Federal Rule of Civil Procedure 54(c) of course makes it clear that the relief available to a plaintiff in federal court is not limited to what he may demand in his complaint or by motion, and it is well-established that federal courts may award prejudgment interest even when it is not demanded in the complaint.

*Id*. at 434. Plaintiff further relies on *Turner v. Liverpool Cent. School*, 186 F. Supp. 2d 187 (N.D.N.Y. 2002) where the district court wrote, "[e]ven where declaratory relief is not requested the courts may grant such relief where the pleading and proof show such to be appropriate." *Id*. at 190 n.5. However, Plaintiff's cases only demonstrate that where a party is entitled to a judgment, that judgment may include *relief* not particularly sought in the complaint. *See, e.g., Laird v. Integrated Resources, Inc.*, 897 F.2d 826 (5th Cir. 1990) (plaintiff may be allowed any relief that the pleaded claim supports). They do not establish, as Plaintiff argues, that, by resorting to memoranda of law and attorney affidavits, a court may grant judgment and corresponding relief on a claim not properly plead. As one treatise on federal practice explains:

> The sufficiency of a pleading is tested by the Rule 8(a)(2) statement of the claim for relief and the demand for judgment is not considered part of the claim for that purpose, as numerous cases have held. Thus, the selection of an improper remedy in the Rule 8(a)(3) demand for relief will not be fatal to a party's pleading if the statement of the claim indicates the pleader may be entitled to relief of some other type. Nor is the court limited by the demand for judgment if a deviation seems appropriate at any point after the interposition of the pleading. The liberal policies reflected in Rules 15(a) and 15(b) permit the demand to be amended either before or during trial. Moreover, under Rule 54(c), except in default judgment cases, the district court may grant any relief to which the evidence shows a party is entitled,

8

> even though that party has failed to request the appropriate remedy or remedies in his pleading.

Wright and Miller, Federal Practice & Procedure § 1255 (2005) (footnotes omitted). In other words, while under Rule 54 a Court may award relief not specifically requested in a pleading, a properly plead claim remains a necessary predicate to any recovery. To extend the liberality of the pleading rules, as Plaintiff suggests, would seriously undermine Rule 8. For example, in the case of *pro se* litigants,

> [t]he Supreme Court has long held that courts must construe *pro se* complaints liberally, applying less stringent standards than when a plaintiff is represented by counsel. *E.g., Hughes v. Rowe*, 449 U.S. 5, 9, 66 L. Ed. 2d 163, 101 S. Ct. 173 (1980) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520, 30 L. Ed. 2d 652, 92 S. Ct. 594 (1972) (per curiam); *see also Robles v. Coughlin*, 725 F.2d 12, 15 (2d Cir. 1983) (per curiam).

*Elliott v. Bronson*, 872 F.2d 20, 21 (2d Cir. 1989). Taking plaintiff's argument to its logical conclusion, the Court would be required to construe *any* writing submitted by a *pro se* litigant as a pleading. However, that is clearly not the law since "the basic requirements of Rule 8 apply to self-represented and counseled plaintiffs alike." *Wynder v. McMahon*, 360 F.3d 73, 79 n.11 (2d Cir. 2004).

At oral argument, when questioned as to why, if plaintiff's Rule 54 contention was correct and she was entitled to judgment as a matter of law, the circuit court did not grant this relief, plaintiff's counsel responded, "I don't know. I wish they had." (Real Time Transcript at 26.) Accordingly, plaintiff's request for judgment based on the record pursuant to Rule 54 is denied.

Finally, the Court addresses plaintiff's alternative request for leave to amend the amended complaint. Despite plaintiff's reference to Rule 15 in her memorandum of law, filed on March 10, 2006, it is clear, as indicated above, that Rule 16 governs her motion

to amend. *Palmer v. Monroe County Sheriff*, 378 F. Supp. 2d 284, 289-90 (W.D.N.Y. 2005). In that regard, the pertinent portion of Rule 16 states:

> Pretrial Orders. After any conference held pursuant to this rule, an order shall be entered reciting the action taken. This order shall control the subsequent course of the action unless modified by a subsequent order. The order following a final pretrial conference shall be modified only to prevent manifest injustice.

Fed. R. Civ. P. 16(e).

On April 13, 2000, U.S. Magistrate Judge Jonathan Feldman, to whom the case had been referred for scheduling and disposition of all non-dispositive motions, docketed a scheduling order setting May 1, 2000 as the date for "all motions to amend the pleadings." (Scheduling Order, Docket # 38, Apr. 13, 2000 ¶ 1.) Judge Feldman's amended scheduling order was docketed on September 22, 2000, and set a date for dispositive motions of January 2, 2001. (Amended Scheduling Order, Docket # 46, Sep. 22, 2000 ¶ 1.) Judge Feldman's amended scheduling order was docketed on December 19, 2000, setting a new date for dispositive motions of March 1, 2001. (Amended Scheduling Order, Docket # 48, Dec. 19, 2000 ¶ 1.) After a scheduling conference on September 5, 2002, with all counsel, Judge Feldman entered a final scheduling order, docketed on September 5, 2002, setting December 31, 2002 for completion of discovery, November 29, 2002, for identification of expert witnesses, and December 31, 2002 for expert discovery to be completed. (Final Scheduling Order, Docket # 104, Sep. 5, 2002.) Plaintiff's motion seeking to deem his complaint amended was filed on March 5, 2001, a full 18 months before the final scheduling conference and 666 days before Judge Feldman entered his final scheduling order. However, that motion was also filed 10 months *after* the cutoff date set for motions

to amend. Accordingly, it was plaintiff's burden to show "good cause" for failing to meet the May 1, 2000 deadline for filing his motion to amend the pleadings:

> Pursuant to Rule 16(b) of the Federal Rules of Civil Procedure, "[a] schedule *shall not be modified* except upon a showing of good cause and by leave of the district judge...." Fed. R. Civ. P. 16(b) (emphasis added). It is settled law that when a responsive pleading has been filed and a party seeks an amendment after the pretrial scheduling order, Rule 16 of the Federal Rules of Civil Procedure is controlling and the movant must satisfy the more stringent standard of good cause. *See Parker v. Columbia Pictures Indus.*, 204 F.3d 326 (2d Cir. 2000).

*Rent-A-Center, Inc. v. 47 Mamaroneck Ave. Corp.*, 215 F.R.D. 100, 103 (S.D.N.Y. 2003).

The Court determines that, as of March 5, 2001, plaintiff did not show good cause why the Rule 16 scheduling order should have permitted the filing of her motion to amend 10 months after the deadline. Plaintiff contended at oral argument that her motion to deem the complaint amended was timely because the events giving rise to the claim for disgorgement arose six weeks prior to March 5, 2001. (Real Time Transcript at 25.) However, at the time of the March 5, 2001 motion, plaintiff gave no indication whatsoever of the good cause for the lateness of the motion to deem his complaint amended, nor did he submit a proposed second amended complaint containing the new claims. Moreover, at oral argument in 2006, plaintiff did not explain why he never sought relief from the Magistrate Judge's Rule 16 scheduling order.  As this Court has previously determined, when a Rule 16 order has been issued,

> the moving party must establish "good cause":
>
> The Second Circuit has held "that despite the lenient standard of Rule 15(a), a district court does not abuse its discretion in denying leave to amend the pleadings after a deadline set in the scheduling order where the moving party has failed to establish good cause." … Disregarding the instructions of a scheduling order "would undermine the court's ability to control its docket,

>disrupt the agreed-upon course of the litigation, and reward the indolent and the cavalier. Rule 16 was designed to prevent this situation."

*Palmer v. Monroe County Sheriff*, 378 F. Supp. 2d 284, 289-90 (W.D.N.Y. 2005) (*quoting In re Wireless Telephone Services Antitrust Litigation*, No. 02 Civ. 2637 (DLC), 2004 U.S. Dist. LEXIS 19977, 2004 WL 2244502 at *5 (S.D.N.Y. Oct. 6, 2004) (*quoting Parker v. Columbia Pictures Indus.*, 204 F.3d 326, 340 (2d Cir. 2000))). Plaintiff has failed to show good cause under Rule 16(b). Therefore, her motion to deem the complaint amended, or for leave to file a second amended complaint, is denied.

## CONCLUSION

Accordingly, as to equitable relief, the Court denies plaintiff's motions (## 56, 109) to deem the amended complaint amended, to enter final judgment pursuant to Federal Rule of Civil Procedure 54, and to grant leave to file a second amended complaint.

IT IS SO ORDERED.

Dated: May 18, 2006
       Rochester, New York

ENTER:

/s/ Charles J. Siragusa
Charles J. Siragusa
United States District Judge